UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEE W. BRIGHT, JR. )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>NORTHSTAR LOCATION )<br>SERVICES, LLC )<br>      Defendant. )<br>)<br>) | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Dee W. Bright, Jr., by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.      INTRODUCTORY STATEMENT**

1.      Plaintiff, Dee W. Bright, Jr. (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Dee W. Bright, Jr. ("Plaintiff") is an adult natural person with a mailing address of 1304 30665 SSC Lane, Box 0376, Princess Anne, Maryland 21853.

5. Defendant, Northstar Location Services, LLC. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 4285 Genesee Street, Cheektowaga, New York 14255 and a Registered Office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a (6).

## IV.     FACTUAL ALLEGATIONS

7.     On or about October 30, 2009, Defendant's agent, Joe Hathaway, began calling Plaintiff in regards to an alleged debt owed to a Bank of America credit card. Defendant left a voice mail message on the Plaintiff's cell phone disguising the number as that of Plaintiff's parent's home telephone number, stating, Plaintiff spoke with one of Defendant's agents who gave him an extension for payment via MoneyGram by today and they are yet to receive it or a confirmation phone call with tracking numbers.  The agent also stated, "I advise you to contact me today with the tracking numbers to avoid losing any arrangements on file". "If you do not follow through with my request the bank will request amount due in full immediately".

8.     On or about November 4, 2009, Defendant's agent, Joe Hathaway, called and left a voice mail message on the Plaintiff's cell phone and again disguising the number as that of Plaintiff's parent's home telephone number. Defendant's agent, indicated, He is following up with Plaintiff because he was supposed to make a payment to Defendant's office by October 27, 2009 also stating that it is very important that you contact our office today.

9.     When Plaintiff listened to his voicemails Plaintiff discovered the phone calls were not from his parents but from Defendant's agent, Joe Hathaway, although, the missed call numbers were his parent's home telephone number.

10.    Plaintiff continues to receive calls from Defendant's agent, Joe Hathaway almost every day.

11.     The messages left by Defendant's agent, Joe Hathaway, violate the FDCPA in that they are threatening, harassing and abusive.

12. To date, Plaintiff has never received anything in writing in writing from the Defendant in regards to the matter.

13. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

14. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

16. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT 1 – FDCPA**

17. The above paragraphs are hereby incorporated herein by reference.

18 At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

a. §1692d: Defendant used conduct the natural consequence of which is to harass or abuse the Plaintiff;

b. §1692d (6): Placed telephone calls without disclosing his/her identity;

c. §1692e: Any false, deceptive, or misleading representation or means in connection with the debt collection;

d. §1692f: Defendant used unfair and unconscionable means to collect a debt;

e. §1692g: Failure to send consumer a 30-day validation notice within five days of initial communication;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Northstar Location Services, LLC, for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: December 9, 2009            BY: **/s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff